UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-68414-LRC |
| | : | |
| DANIEL JOHANNES BRAEDEL, | : | CHAPTER 13 |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| DANIEL JOHANNES BRAEDEL, | : | |
| | : | |
| Movant, | : | |
| vs. | : | CONTESTED MATTER |
| | : | |
| ALLY FINANCIAL, | : | |
| | : | |
| Respondent. | | |

NOTICE OF HEARING

PLEASE TAKE NOTICE that DANIEL JOHANNES BRAEDEL has filed a Motion for Contempt and Sanctions (the "Motion") and related papers with the Court seeking an order granting said Motion.

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion at 9:15 A. M. on October 28, 2025 in Courtroom 1204, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303, which must be attended in person, unless the Court orders otherwise.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including

addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: September 19, 2025.

_____/s/_____
Carol A. Colliersmith
GA Bar No. 178058
PO Box 2256
Smyrna, GA 30081-2256
(404) 815-1600
bklaw@colliersmithatty.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

In re: DANIEL JOHANNES BRAEDEL,                         Chapter 13
                                                        Case No. 17-68414- LRC

                         Debtor.

-----------------------------------------------------------

DANIEL JOHANNES BRAEDEL,

                         Plaintiff,

        v.

ALLY FINANCIAL.

                         Defendant.

---

MOTION FOR CONTEMPT, SANCTIONS, ACTUAL DAMAGES,

PUNITIVE DAMAGES AND FEES

Introduction

1.      This action seeks redress for the unlawful and deceptive practices committed by the Defendant in connection with its efforts to collect a debt discharged by the Plaintiff's bankruptcy.  Defendant's conduct involves falsely representing that a discharged debt is still owed, the sole purpose of which is to coerce the payment of a discharged debt.  Plaintiff seeks monetary, declaratory and injunctive relief pursuant to 11 U.S.C. §105 based on the Defendant's violations of 11 U.S.C. §524.

JURISDICTION

2.      Jurisdiction is conferred on this Court pursuant to the provisions of 28 USC § 1334 and 28 U.S.C. § 157.

3.      This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

4.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

1

PARTIES

5.      Plaintiff is a natural person and resident of the State of Georgia.  Plaintiff is also a Plaintiff as defined by the Bankruptcy Code, 11 U.S.C. §101 *et seq*.

6.      Upon information and belief Defendant Creditor, Ally Financial, (hereinafter "Ally"), is an entity having a mailing address of P.O. Box 130424, Roseville, MN 55113-0004.

7.      Ally was a listed, scheduled creditor of Plaintiff in his Chapter 13 Bankruptcy.

STATEMENT OF FACTS

8.      Plaintiff filed a petition in bankruptcy under Chapter 13 of the U.S. Bankruptcy Code on October 21, 2017, and said case was assigned to Judge Lisa Ritchey Craig as case number 17-68414.

9.      Ally received actual notice of the commencement of the Plaintiff's Chapter 13 case by virtue of service of the Notice of Chapter 13 Bankruptcy Case and Certificate of Notice served on Ally.  A copy of said Notice and Certificate of Mailing thereof is annexed as Exhibit A.

10.     Ally was provided for in Plaintiff's Chapter 13 Plan, and Ally filed a Proof of Claim in Plaintiff's case on November 7, 2017.  A copy of the Proof of Claim is annexed hereto as Exhibit B.

11.     Ally received and accepted regular payments from the Chapter 13 Trustee over a period of years.

12.     Plaintiff completed his Plan and subsequently received a discharge on January 30, 2023, and the case was also closed on January 30, 2023.

13.     Ally received actual notice of the Plaintiff's discharge by virtue of service of the Discharge Order.  A copy of the Order Discharging Debt and Certificate of Mailing thereof is annexed hereto as Exhibit C.

14.     At no time during the pendency of the Chapter 13 case was the pre-petition debt owed to the Defendant deemed non-dischargeable.

15.     Following Plaintiff's Chapter 13 discharge, Ally failed to provide Plaintiff with his automobile title in a timely manner as require by Georgia Code §40-3-56.

16.     Subsequent to the date on which Plaintiff obtained his discharge, as well as the time required by Georgia law for Ally to provide the automobile title, Plaintiff requested his vehicle title telephonically of Ally.

17.     Ally refused Plaintiff's request of his vehicle title and Plaintiff was told by Ally that his title would not be turned over to him until he paid an additional balance to Ally.

18.     Plaintiff's attorney subsequently demanded Plaintiff's vehicle title be immediately turned over to Plaintiff.

19.     Plaintiff received his vehicle title following his attorney's demand to Ally.

20.     On or about October 18, 2023, Ally, without notice to Plaintiff, caused Plaintiff's vehicle to be repossessed from his home.

2

21.   Plaintiff promptly contacted the police, as he assumed his automobile had been stolen as the vehicle was paid for through the Chapter 13 case, and he had finally received the vehicle's title.  The police informed the Plaintiff that his automobile had been repossessed.

22.   Plaintiff repeatedly contacted Ally to have his automobile returned to him.

23.   Further, Plaintiff's attorney repeatedly contacted Ally by telephone, email and facsimile to demand that Plaintiff's automobile be immediately returned to him.

24.   Over a period of days, Ally hindered, stalled and delayed the turnover of the vehicle to Plaintiff.

25.   Plaintiff incurred actual damages due to the lack of vehicle.  Plaintiff was unable to attend an important out-of-town business meeting, incurred non-refundable hotel expenses, incurred expenses of an auto mechanic to attempt to repair a non-running vehicle to use temporarily, and the expense of hiring of an attorney to file this action.

26.   Plaintiff also endured the embarrassment of having his automobile repossessed in plain view of his neighbors, having to tell his boss and coworkers that he would have to miss an important out-of-town business meeting to get his repossessed vehicle returned, as well as asking extended family if he could borrow their vehicles.

27.   Ally returned Plaintiff's vehicle four days after the wrongful taking of the vehicle.

28.   Following the return of the vehicle, with full knowledge that Plaintiff was represented by counsel, Ally contacted Plaintiff directly to discuss the matter with regard to Plaintiff's potential claim against Ally, regarding Plaintiff's trouble, costs, inconvenience, humiliation and embarrassment.

29.   All times relevant to the allegations herein:

   a.   Ally has substantially frustrated the discharge order entered in this case and its conduct constitutes gross violations of the discharge injunction as provided by 11 U.S.C. § 524 and further has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code;

   b.   Ally knew, and in fact had actual knowledge, that the Plaintiff was previously involved in bankruptcy and was therefore protected from any direct or indirect collection acts whatsoever by virtue of the Discharge Injunction provided for by 11 U.S.C. § 524, and notwithstanding such knowledge, willfully continued its collection efforts;

   c.   In spite of actual knowledge of the discharge of the Plaintiff's pre-petition debt, Ally continued to willfully and intentionally seek to collect a discharged debt from the Plaintiff in direct violation of the specific provisions of 11 U.S.C. § 524.

30.   The actions of Ally as alleged herein constitute willful, intentional, gross and flagrant violations of the provisions of Section 524 of Title 11 of the United States Code.

31.   The actions of the Ally as alleged herein are acts in violation and contempt of the Order of Discharge entered by this Court.

32.   Ally has failed to implement any effective procedures to eliminate the improper collection efforts, and contacts

with consumer Plaintiffs who are involved, or have been involved, in bankruptcy proceedings.

33.    Ally has failed to implement any effective procedures to ensure that no effort will be made to contact consumer debtors who are represented by attorneys.

34.    Ally has failed to implement any system to properly identify bankruptcy accounts, notwithstanding the fact that it knows the present system has no discernible impact on whether or not it continues collection activities.

35.    The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of Ally.  The Plaintiff has suffered emotional distress and other actual damages, including legal fees and costs, in connection with the continued efforts of Ally to collect the pre-petition debt.


CLAIM FOR RELIEF WILLFUL VIOLATION OF DISCHARGE INJUNCTION


36.    The allegations of paragraphs 1-35 herein are realleged and incorporated herein by reference.

37.    The actions of Ally in this case, in withholding the vehicle title, attempting to collect payment on a discharged debt by falsely and deceptively attempting to coerce the Plaintiff are in violation of the discharge injunction entered in Plaintiff's bankruptcy case pursuant to 11 U.S.C. § 524, and repossessing his vehicle, as well as refusing to turn it over to him immediately, constitute a flagrant series of contempt of bankruptcy court orders.

38.    The Plaintiff alleges that the actions of Ally in seeking to collect on a debt after the Plaintiff's lawful discharge, constitute gross violations of the discharge injunction as set forth in 11 U.S.C. Section 524.

39.    The conduct of the Ally in this case has substantially frustrated the discharge order entered by this Court and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

40.    In order to carry out the provision of the Code and to maintain its integrity this Court should impose actual damages, punitive damages and legal fees against Ally pursuant to the provisions of Section 105 of the Code.

41.    As a result of the Ally's violation of 11 U.S.C. Section 524, Ally is liable to the Plaintiff for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.


WHEREFORE, the Plaintiff having set forth his claims for relief against the Defendant respectfully pray of the Court as follows:

A.    That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B.    That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the

form of punitive damages;

C.      That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by his attorney;

D.      That the Plaintiff have such other and further relief as the Court may deem just and proper.


Respectfully submitted this 20th day of September, 2025.


                                              /s/
                                              Carol A. Colliersmith
                                              Georgia Bar No. 178058
                                              Attorney for Plaintiff
                                              PO Box 2256
                                              Smyrna, GA 30081-2256
                                              (404) 815-1600
                                              bklaw@colliersmithatty.com



Exhibits:

        A-      Notice of Chapter 13 Bankruptcy Case and Certificate of Notice

        B-       Proof of Claim filed by Ally Financial

        C-      Order Discharging Debt with Certificate of Mailing

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Daniel Johannes Braedel** | Social Security number or ITIN | xxx-xx-2943 |
| | First Name   Middle Name   Last Name | EIN   __-_____ | |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN | ____ |
| | | EIN   __-_____ | |
| United States Bankruptcy Court | **Northern District of Georgia** | Date case filed for chapter **13   10/21/17** | |
| Court website: www.ganb.uscourts.gov | | | |
| Case number: | **17-68414-lrc** | | |

## Official Form 309I

## Notice of Chapter 13 Bankruptcy Case

12/15

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov). Copy fees or access charges may apply. A free automated response system is available at 866-222-8029 (Georgia Northern). You must have case number, debtor name, or SSN when calling.

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | About Debtor 1: | About Debtor 2: |
|---|---|---|
| **1. Debtor's full name** | Daniel Johannes Braedel | |
| **2. All other names used in the last 8 years** | | |
| **3. Address** | 3750 Shallow Court NW Marietta, GA 30066 | |
| **4. Debtor's attorney**  Name and address | Robert O. Colliersmith Colliersmith & Associates, P.C. Suite 7 3535 Roswell Road Marietta, GA 30062-8827 | Contact phone 404-815-1600  Email: bklaw@colliersmithatty.com |
| **5. Bankruptcy trustee**  Name and address | Melissa J. Davey Melissa J. Davey, Standing Ch 13 Trustee Suite 200 260 Peachtree Street, NW Atlanta, GA 30303 | Contact phone (678) 510-1444 www.13trusteeatlanta.net |
| **6. Bankruptcy clerk's office**  Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | M. Regina Thomas Clerk of Court  1340 United States Courthouse 75 Ted Turner Drive SW Atlanta, GA 30303 | Office Hours: 8:00 a.m. – 4:00 p.m. Court website: www.ganb.uscourts.gov  Contact phone 404-215-1000 |

**For more information, see page 2**

| 7. | Meeting of creditors | **November 29, 2017 at 02:00 PM** | Location:<br>**Third Floor − Room 368, Russell Federal Building, 75 Ted Turner Drive SW, Atlanta, GA 30303** |
|---|---|---|---|
| | Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Bring a copy of this notice with you. Creditors may attend, but are not required to do so. Cellular phones and other devices with cameras are not allowed in the building. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>TO THE DEBTOR: Bring an original government issued photo ID and confirmation of social security number. Provide the Trustee a copy of your most recently filed tax return seven days prior to the meeting, but DO NOT FILE WITH THE COURT.<br><br>TO OTHER PARTIES: Objections to confirmation shall be filed seven days prior to the meeting. Objections arising from the meeting must be filed within seven days of the meeting. | |

| 8. | Deadlines | **Deadline to file a complaint to challenge dischargeability of certain debts:** You must file: | Filing deadline: **1/29/18** |
|---|---|---|---|
| | The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | • a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | |
| | | **Deadline for all creditors to file a proof of claim (except governmental units):** | Filing deadline: **2/27/18** |
| | | **Deadline for governmental units to file a proof of claim:** | Filing deadline: **4/19/18** |

**Deadlines for filing proof of claim:**
A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.

**To file a claim electronically,** visit www.ganb.uscourts.gov and access the ePOC tab.

If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.
Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

| | | **Deadline to object to exemptions:** | Filing deadline: | 30 days after the *conclusion of the* meeting of creditors |
|---|---|---|---|---|
| | | The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | | |

| 9. | Filing of Plan, Hearing on Confirmation of Plan, Allowance and Approval of Debtor's Counsel Attorneys Fees | The plan, if not included with this notice, will be mailed when filed.<br>The hearing on confirmation will be held: Date: **1/11/18,** Time: **09:30 AM,** Location: **Courtroom 1204, Russell Federal Building, 75 Ted Turner Drive SW, Atlanta, GA 30303** |
|---|---|---|
| 10. | Creditors with a foreign address | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| 11. | Filing a chapter 13 bankruptcy case | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. |
| 12. | Exempt property | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| 13. | Discharge of debts | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. |

United States Bankruptcy Court
Northern District of Georgia

In re:                                                              Case No. 17-68414-lrc
Daniel Johannes Braedel                                             Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 113E-9        User: bcg           Page 1 of 2          Date Rcvd: Oct 23, 2017
                           Form ID: 309i        Total Noticed: 33

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 25, 2017.
db        +Daniel Johannes Braedel,   3750 Shallow Court NW,   Marietta, GA 30066-4602
tr        +Melissa J. Davey,   Melissa J. Davey, Standing Ch 13 Trustee,   Suite 200,
           260 Peachtree Street, NW,   Atlanta, GA 30303-1236
21086686  +Aes/Nct,   Aes/Ddb,   Po Box 8183,   Harrisburg, PA 17105-8183
21086687  +Aes/wells Fargo,   Pob 61047,   Harrisburg, PA 17106-1047
21086696  +Bank Of America,   Attn: Bankruptcy,   Po Box 36655,   Dallas, TX 75235-1655
21086698  +Citicards Cbna,   Citicorp Credit Svc/Centralized Bankrupt,   Po Box 790040,
           Saint Louis, MO 63179-0040
21086702  +EdFinancial Services,   Attn: Bankruptcy Department,   298 N Seven Oaks Dr,
           Knoxville, TN 37922-2369
21086705  +Mid America Bk/total C,   5109 S Broadband Ln,   Sioux Falls, SD 57108-2208
21086714  +Visa Dept Store National Bank/Macy's,   Attn: Bankruptcy,   Po Box 8053,   Mason, OH 45040-8053

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty        E-mail/Text: bklaw@colliersmithatty.com Oct 23 2017 21:13:55    Robert O. Colliersmith,
           Colliersmith & Associates, P.C.,   Suite 7,   3535 Roswell Road,   Marietta, GA 30062-8827
cr        +EDI: RMSC.COM Oct 23 2017 20:43:00    Synchrony Bank,   c/o PRA Receivables Management, LLC,
           PO Box 41021,   Norfolk, VA 23541-1021
21086690  +E-mail/Text: aacbankruptcynotice@affiliated.org Oct 23 2017 21:16:15
           Affiliated Acceptance Corp,   14443 N State Highway 5,   Sunrise Beach, MO 65079-6983
21086691  +EDI: GMACFS.COM Oct 23 2017 20:43:00    Ally Financial,   Attn: Bankruptcy,   Po Box 380901,
           Bloomington, MN 55438-0901
21086693  +EDI: ACBK.COM Oct 23 2017 20:43:00    American Credit Accept,   961 E Main St,
           Spartanburg, SC 29302-2185
21086694  +EDI: AMEREXPR.COM Oct 23 2017 20:43:00    Amex,   Correspondence,   Po Box 981540,
           El Paso, TX 79998-1540
21086697  +EDI: CHASE.COM Oct 23 2017 20:43:00    Chase Card,   Attn: Correspondence Dept,   Po Box 15298,
           Wilmington, DE 19850-5298
21086699  +E-mail/Text: defaultspecialty.us@bbva.com Oct 23 2017 21:15:39    Compass Bank,
           Attn: Bankruptcy,   Po Box 10566,   Birmingham, AL 35296-0001
21086700  +EDI: RCSFNBMARIN.COM Oct 23 2017 20:43:00    Credit One Bank Na,   Po Box 98873,
           Las Vegas, NV 89193-8873
21086701  +EDI: DCI.COM Oct 23 2017 20:43:00    Diversified Consultant,   Dci,   Po Box 551268,
           Jacksonville, FL 32255-1268
21086703  +EDI: CBSKOHLS.COM Oct 23 2017 20:43:00    Kohls/Capital One,   N56 W 17000 Ridgewood Dr,
           Menomonee Falls, WI 53051-5660
21086704  +EDI: RESURGENT.COM Oct 23 2017 20:43:00    LVNV Funding/Resurgent Capital,   Po Box 10497,
           Greenville, SC 29603-0497
21086706   EDI: PRA.COM Oct 23 2017 20:43:00    Portfolio Recovery,   Po Box 41067,   Norfolk, VA 23541
21087147  +EDI: PRA.COM Oct 23 2017 20:43:00    PRA Receivables Management, LLC,   PO Box 41021,
           Norfolk, VA 23541-1021
21086708  +EDI: STF1.COM Oct 23 2017 20:43:00    Suntrust Bank,   Po Box 980,
           Newport News, VA 23607-0980
21086709  +EDI: RMSC.COM Oct 23 2017 20:43:00    Synchrony Bank/Amazon,   Po Box 965015,
           Orlando, FL 32896-5015
21086710  +EDI: RMSC.COM Oct 23 2017 20:43:00    Synchrony Bank/BrandsMart,   Attn: Bankruptcy,
           Po Box 965060,   Orlando, FL 32896-5060
21086711  +EDI: RMSC.COM Oct 23 2017 20:43:00    Synchrony Bank/Walmart,   Attn: Bankruptcy,
           Po Box 965060,   Orlando, FL 32896-5060
21086712  +EDI: ECMC.COM Oct 23 2017 20:43:00    US Dept of Education,   Attn: Bankruptcy,   Po Box 16448,
           Saint Paul, MN 55116-0448
21086715  +E-mail/Text: vci.bkcy@vwcredit.com Oct 23 2017 21:15:47    Volkswagen Credit, Inc,   Po Box 3,
           Hillsboro, OR 97123-0003
21086720   EDI: WFFC.COM Oct 23 2017 20:43:00    Wells Fargo Hm Mortgag,   8480 Stagecoach Cir,
           Frederick, MD 21701
21086719  +EDI: WFFC.COM Oct 23 2017 20:43:00    Wells Fargo Bank,   3476 Stateview Blvd,   MAC#7801-03K,
           Fort Mill, SC 29715-7203
21086717  +EDI: WFFC.COM Oct 23 2017 20:43:00    Wells Fargo Bank,   Po Box 84712,
           Sioux Falls, SD 57118-4712
21086716  +EDI: WFFC.COM Oct 23 2017 20:43:00    Wells Fargo Bank,   Po Box 10438,   Macf8235-02f,
           Des Moines, IA 50306-0438
                                                                              TOTAL: 24


      ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
21086688* +Aes/wells Fargo,   Pob 61047,   Harrisburg, PA 17106-1047
21086689* +Aes/wells Fargo,   Pob 61047,   Harrisburg, PA 17106-1047
21086692* +Ally Financial,   Attn: Bankruptcy,   Po Box 380901,   Bloomington, MN 55438-0901
21086695* +Amex,   Correspondence,   Po Box 981540,   El Paso, TX 79998-1540
21086707* ++PORTFOLIO RECOVERY ASSOCIATES LLC,   PO BOX 41067,   NORFOLK VA 23541-1067
           (address filed with court: Portfolio Recovery,   Po Box 41067,   Norfolk, VA 23541)
21086713* +US Dept of Education,   Attn: Bankruptcy,   Po Box 16448,   Saint Paul, MN 55116-0448
21086718* +Wells Fargo Bank,   Po Box 10438,   Macf8235-02f,   Des Moines, IA 50306-0438
                                                                      TOTALS: 0, * 7, ## 0

| District/off: 113E-9 | User: bcg | Page 2 of 2 | Date Rcvd: Oct 23, 2017 |
|---|---|---|---|
| | Form ID: 309i | Total Noticed: 33 | |

```
            ***** BYPASSED RECIPIENTS (continued) *****
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 25, 2017                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 23, 2017 at the address(es) listed below:
            Melissa J. Davey   mail@l3trusteeatlanta.com,
             cdsummary@l3trusteeatlanta.com;cdbackup@l3trusteeatlanta.com
            Robert O. Colliersmith   on behalf of Debtor Daniel Johannes Braedel bklaw@colliersmithatty.com,
             colliersmith@gmail.com;carolecf@colliersmithatty.com;robecf@colliersmithatty.com;R53482@notify.be
             stcase.com
                                                                      TOTAL: 2
```

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Daniel Braedel |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court | Northern District of Georgia |
| Case number: | 17-68414 |

**FILED**

**U.S. Bankruptcy Court**
**Northern District of Georgia**

11/7/2017

**M. R. Thomas, Clerk**

## Official Form 410
## Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Ally Financial

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Ally Financial | Payment Processing Center |
| Name | Name |
| PO Box 130424 Roseville, MN 55113-0004 | P.O. Box 78367 |
| | Phoenix, AZ 85062-8367 |
| Contact phone 800-495-1578 | Contact phone 800-495-1578 |
| Contact email N/A | Contact email n/a |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:     7381 |

**7. How much is the claim?**    $    20403.88     **Does this amount include interest or other charges?**
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Automobile Financing

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☑ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:**    Certificate of Title/Lie

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

| | | |
|---|---|---|
| **Value of property:** | $ | 12975.00 |
| **Amount of the claim that is secured:** | $ | 12975.00 |
| **Amount of the claim that is unsecured:** | $ | 7428.88    (The sum of the secured and unsecured amounts should match the amount in line 7.) |

**Amount necessary to cure any default as of the date of the petition:**    $    20403.88

**Annual Interest Rate** (when case was filed)    8.84    %

☑ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

Official Form 410          Proof of Claim          page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   11/7/2017
                   MM / DD / YYYY

/s/ Mayhoua Xiong
Signature

Print the name of the person who is completing and signing this claim:

| Name | Mayhoua Xiong |
|---|---|
| | First name    Middle name    Last name |
| Title | Bankruptcy Agent |
| Company | Ally Servicing LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 4000 Lexington Ave. N Suite 100 |
| | Number   Street |
| | Shoreview, MN 55126 |
| | City   State   ZIP Code |
| Contact phone | 800-495-1578     Email   n/a |

Official Form 410                     Proof of Claim                            page 3

**Fill in this information to identify your case:**

Debtor 1    Daniel Johannes Braedel

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Georgia (State)

Case number 17-68414

## Official Form 410
# Proof of Claim
04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled on privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Ally Financial
Name of the creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor to be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Ally Financial
Name

PO Box 130424
Number    Street

Roseville    MN    55113-0004
City    State    Zip Code

Contact phone   800-495-1578

Contact email   N/A

**Where should payments to the creditor be sent?** (if different)

PAYMENT PROCESSING CENTER
Name

P.O. Box 78369
Number    Street

Phoenix    AZ    85062-8369
City    State    Zip Code

Contact phone   800-495-1578

Contact email   N/A

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

-------------------------------------------------------------------------------------

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known)

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: <u>7381</u>

**7. How much is the claim?**     <u>$20,403.88</u> *
*Claimant Reserves Right to Amend its Claim.*

**Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

<u>Automobile Financing</u>

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☑ Motor Vehicle
☐ Other
    Describe: <u>2011 MAZDA CX-9 VIN: JM3TB3BV4B0308364</u>

**Basis for perfection:**    <u>Certificate of Title/Lien Notice</u>

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of the property:**     <u>$12,975.00</u>

**Amount of the claim that is secured:**     <u>$12,975.00</u>

**Amount of the claim that is unsecured:**    <u>$7,428.88</u>    (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** <u>$20,403.88</u>

**Annual Interest Rate** (when case was filed) <u>8.84%</u> * May not reflect rate entitled to under *In re Till*

☑ Fixed
☐ Variable

**10. Is the claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

**11. Is the claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C § 507(a)?** | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under
11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).                                                                                    $_____

☐ Up to $2,850.00* of deposits toward purchase, lease, or rental of property or
services for personal, family, or household use. 11 U.S.C. § 507(a)(7).                                  $_____

☐ Wages, salaries, or commissions (up to $12,850.00*) earned within 180 days
before the bankruptcy petition is filed or the debtor's business ends, whichever is
earlier. 11 U.S.C. § 507(a)(4).                                                                                                  $_____

☐ Taxes or penalities owed to governmental units. 11 U.S.C. § 507(a)(8).                         $_____

☐ Contributions to an employee benefit plan. 11 U.S.C.  § 507(a)(5).                                 $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.                                  $_____

\* Amounts are subject to adjustment on 04/01/2019 and every 3 years after that for cases begun on or after the date of adjustment.

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   11/07/2017
                                   MM / DD / YYYY

                   /s/ Mayhoua Xiong
                   Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Mayhoua Xiong | | |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Bankruptcy Agent |
|---|---|

| Company | Ally Servicing LLC |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 4000 Lexington Ave. N. Suite 100 |
|---|---|
| | Number          Street |

| | Shoreview | MN | 55126 |
|---|---|---|---|
| | City | State | Zip Code |

| Contact phone | 800–495–1578 | Email | N/A |
|---|---|---|---|

**CERTIFICATE OF SERVICE**

I, the undersigned, declare as follows:

I am over the age of 18 years and not party to this action.  My business address is PO Box 130424, Roseville, MN 55113.

I am readily familiar with the business practices of my employer for the collection and processing of documents and correspondence for mailing with the United States Postal Service and those correspondence and documents are deposited with the United States Postal Service that same day, or within one business day, in the ordinary course of business.

On November 7, 2017, I served the following document:

- Proof of Claim with all Exhibits and Attachments

in the method or methods described below and if served via U.S. Mail, by placing copies of said documents in sealed envelopes and addressed as follows:

| **Debtor** | **Attorney** | **Trustee** |
|---|---|---|
| Daniel Johannes Braedel | Robert O. Colliersmith | MELISSA J DAVEY |
| 3750 SHALLOW CT NW | *Served Electronically* | *Served Electronically* |
| MARIETTA, GA 30066 | | |

I then placed said envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the parties so designated above.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 7, 2017, at Shoreview, Minnesota.

Signed:    /s/  Mayhoua Xiong

Bankruptcy Agent
Ally Servicing LLC
PO Box 130424
Roseville, MN  55113
800-495-1578
Fax:  651-367-2005

for the Northern District of Georgia

In Re:  Daniel Johannes Braedel
Case No.:  17-68414 – Chapter:  13
Vehicle: 2011 MAZDA CX-9 VIN: JM3TB3BV4B0308364

**Itemization of "Other Charges" – Proof of Claim Dated November 7, 2017**

The claim of Ally Financial includes the following other charges in addition to the principal amount of $19,770.64:

| | |
|---|---|
| Accrued Pre-petition Late Charges | $258.24 |
| Accrued Finance Charges | $0.00 |
| Pre-petition Repossession Fees | $375.00 |
| Total: | $633.24 |

# carmax

## Consumer Credit Sale

Contract Number _____

Contract Date _____ Apr 23, 2015

In this Contract, the words "you" and "your" mean anyone signing this Contract as a Buyer or Co-Buyer. The words "we", "us", and "our" mean the Seller or anyone to whom the Seller transfers its rights under this Contract. You understand that you may buy the Vehicle described below for cash or credit. By signing this Contract, you choose to buy the Vehicle on credit under the terms and conditions on all pages of this Contract. If there is a Buyer and a Co-Buyer, you are each individually liable to us for any amount due under this Contract.

Seller ___ CarMax Auto Superstores, Inc., 1215 ERNEST BARRETT PKWY., KENNESAW, GA 30144

| | Name | Address | | Zip Code |

Buyer ___ DANIEL BRAEDEL, 3750 SHALLOW CT, MARIETTA, GA 30066

| | Name | Address | | Zip Code |

Co-Buyer ___

| | Name | Address | | Zip Code |

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your downpayment of $ 0.00 |
|---|---|---|---|---|
| 8.84 % | $ 7,095.12 e* | $ 23,898.00 | $ 30,993.12 e* | $ 30,993.12 e* |

**Your Payment Schedule will be:**

| Number of Payments | Amount of Payments | *e means an estimate |
|---|---|---|
| 72 | $ 430.46 | When Payments are Due |
| | | Monthly, beginning Jun 07, 2015 |

**Security.** You are giving a security interest in the motor vehicle being purchased.

**Late Charge.** If payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the unpaid installment or $50, whichever is less.

**Prepayment.** If you pay off the full amount owed under this Contract early, you will not have to pay a penalty.

**Additional Information.** See the remainder of this Contract for additional information about nonpayment, default, any required repayment in full before the scheduled due date, prepayment refunds, and security interests.

---

**Optional GAP Waiver Agreement (GAP contract).** A GAP contract is a debt cancellation agreement. It is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. The charge for a GAP contract is in item D.1. Your GAP contract is a part of this Contract. See your GAP contract for details on the protection it provides.

Term ____ 72 ____ (in months)

I want the optional GAP contract.

Buyer Signs: _D.J.Bee_

You agree to buy and we agree to sell you the following Vehicle:

Year/Make/Model _2011 MAZDA CX-9_

VIN _JM3TB3BV4B0308364_

New _____ Used _X_

The primary purpose and use for which you are purchasing the Vehicle is:

Personal, Family, or Household _X_

Business or Commercial _____ Agricultural _____

As part of this transaction, you sold the following vehicle(s) to Seller as a "Trade-In":

Year/Make/Model _N/A_

VIN _N/A_

Year/Make/Model _N/A_

VIN _N/A_

### YOUR PROMISE TO PAY

You agree to pay us the Amount Financed and Finance Charge provided for in this Contract according to the Payment Schedule above. This is a simple finance charge contract. This means we will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed. The Finance Charge, Total of Payments, and Total Sale Price above are based on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Also, if you pay late it is likely that your final payment will be larger than originally scheduled. You must make your payments to the Seller at the address shown above. If this Contract is transferred, you agree to make your payments to the subsequent holder of this Contract (Assignee) at the address provided by the Assignee or Seller.

### ITEMIZATION OF AMOUNT FINANCED

| A. CASH PRICE | | |
|---|---|---|
| 1. Cash Price of Vehicle | $ | 20,599.00 |
| 2. Cash Price of CarMax Accessories | $ | 0.00 |
| 3. CarMax Processing Fee | $ | 0.00 |
| 4. Sales / Excise Tax | $ | 0.00 |
| 5. Other: N/A | $ | 0.00 |
| 6. Other: N/A | $ | 0.00 |
| 7. Total Cash Price [1 through 6] | $ | 20,599.00 |
| **B. DOWNPAYMENT** | | |
| 1. Cash Downpayment | $ | 0.00 |
| 2. Manufacturer's Rebate | $ | 0.00 |
| 3. Credit From "Trade-In" Sold to CarMax | | |
| a. Value of "Trade-In" | $ | 0.00 |
| b. Proceeds from "Trade-In" Retained by Buyer | $ | 0.00 |
| c. Pay-Off of "Trade-In" | $ | 0.00 |
| d. Net Value of "Trade-In" [a minus b minus c, if negative, enter "0" and see line D.6. below] | $ | 0.00 |
| 4. Other: N/A | $ | 0.00 |
| 5. Total Downpayment [1 through 4] | $ | 0.00 |
| **C. UNPAID BALANCE OF CASH PRICE [A minus B]** | $ | 20,599.00 |
| **D. OTHER CHARGES INCLUDING AMOUNTS PAID TO OTHERS ON YOUR BEHALF** | | |
| 1. Optional GAP Waiver Agreement | $ | 599.00 |
| 2. To Public Officials | | |
| a. License, Title and Registration Fees | $ | 38.00 |
| b. N/A | $ | 0.00 |
| c. TAVT Fee | $ | 1,183.00 |
| d. N/A | $ | 0.00 |
| 3. To N/A for | $ | 0.00 |
| 4. To N/A for | $ | 0.00 |
| 5. To Consumer Program Administrators, Inc. for Optional Extended Service Contract | $ | 1,479.00 |
| 6. To N/A for Pay-Off of the "Trade-In" where Pay-Off exceeds value of "Trade-In" [B(3)(c) minus B(3)(a)] | $ | 0.00 |
| 7. To N/A for | $ | 0.00 |
| 8. Total of Other Charges and Amounts Paid to Others on Your Behalf [1 through 7] | $ | 3,299.00 |
| **E. AMOUNT FINANCED [C plus D]** | $ | 23,898.00 |
| *Seller may retain a portion of this amount. | | |

---

**This Contract has 4 pages, plus any optional GAP Waiver Agreement. This is Page 1. By initialing below you represent that you have read and agree to all provisions on all pages.**

Buyer's Initials _DB_ Co-Buyer's Initials _____

Business ID RIC9010    Printed 04/23/2015 07:34 pm 1 of 1

Order # _1555751_

Revision Date 10/13





MIS ID 50000006

Legal - GF

DMS Tracking # 3635062    Reprint #: 0

**Your Representations.** You promise that you have given true and correct information in your credit application. You understand that in entering this Contract we have relied on the representations you have made to us. Upon request, you agree to provide us with documents and other information necessary to verify any item contained in your credit application.

**Applicable Law.** Federal law and the law of the State of Georgia apply to this Contract. If any provision is not valid, all others stay valid to the extent allowed by applicable law.

**Late Charge.** You will pay a late charge as described in the Late Charge section on Page 1 of this Contract.

**Returned Check Charge.** If you make a payment to us by check, draft, or order that is returned by your financial institution because of insufficient funds or the lack of an account, you will pay a charge that is the greater of $30 or 5% the face amount of the check, draft, or order.

**Care, Use, and Location of the Vehicle.** You agree to pay us all you owe under this Contract even if the Vehicle is damaged, destroyed, or missing. You agree to keep the Vehicle in good condition and repair. If there is any loss or damage to the Vehicle, you will give us prompt written notice of the loss or damage. You agree not to use the Vehicle for hire or to sell, rent, lease, or transfer any interest in the Vehicle or this Contract. You agree that you will not permit the Vehicle to be used in any illegal manner or expose the Vehicle to misuse, seizure, confiscation, or involuntary transfer. The Vehicle will be kept at the address you provided to us in this Contract as shown on Page 1. You agree to notify us in writing of any change in your address or the location at which the Vehicle is regularly located. You are not allowed to remove the Vehicle from the United States. You may, however, take the Vehicle to Canada as long as it is for a period of 30 days or less.

**Insurance Requirements.** You agree to have physical damage insurance covering loss or damage to the Vehicle as long as amounts are owed under this Contract. The insurance must have comprehensive, collision, fire, and theft coverage in amounts acceptable to us and with the minimum available deductible. All required insurance must be with a properly licensed insurer reasonably acceptable to us and must name us as an additional insured and loss-payee. You agree to give us evidence of all required insurance promptly upon request. You agree that any insurance proceeds payable due to damage or loss of the Vehicle will be paid directly and solely to us. At our choice, we may use the insurance proceeds to repair the Vehicle or to pay amounts owed under this Contract. You agree that we may settle any insurance claim or sign any insurance checks on your behalf as necessary and if allowed by law.

**Failure to Maintain Insurance.** If you fail to maintain the required physical damage insurance, we may buy it for you. At our choice, the insurance we buy may only cover our interest in the Vehicle and be limited to what you owe under this Contract at the time. This means the insurance we obtain may not cover your interest in the Vehicle or any loss that you incur. We will charge you for any insurance we purchase. The insurance we buy may cost more than the insurance you could buy on your own. The charge for the insurance will be the amount advanced for it and a finance charge at the Annual Percentage Rate shown on Page 1 of this Contract or, if less, the highest rate allowed by law.

**Security Interest.** You give us a security interest in the Vehicle, any proceeds received for the Vehicle, and any accessories, equipment, and replacement parts installed on the Vehicle. You also give us a security interest in any insurance, service, or other contracts we finance for you and all proceeds from any insurance, service, or other contracts on the Vehicle, including refunds of premiums or charges from the contracts we finance for you. The security interest you are giving us secures all amounts owed by you under this Contract and all the other agreements you have made in this Contract.

**Optional Service or GAP Contracts.** This Contract may contain charges for an optional service or GAP contract. If you are in default under this Contract, you agree that we may claim benefits under any optional contract or cancel it to obtain a refund for unearned charges and reduce amounts you owe. If you cancel an optional contract, you authorize us to receive any refund for unearned charges and apply it to what you owe under this Contract.

**"Trade-In" and Downpayment.** You promise that you own and have valid title to any vehicle you sold to us as a "Trade-In." You represent that any "Trade-In" vehicle is free from any lien or security interest except as you have disclosed to us in writing. You promise that you have made the downpayment shown in the Itemization of Amount Financed on Page 1 of this Contract and that you have not borrowed it.

**Title, Taxes, and Other Charges.** You agree to make sure that the title to the Vehicle shows our security interest. You also agree that we will be the only party with a security interest in the Vehicle and that our security interest will be the only security interest that appears on the title. You agree that you are, or will be, the registered owner of the Vehicle and that you will comply with all registration, licensing, tax, and title laws that apply to the Vehicle. You agree to pay when due all taxes, fees, repair bills, storage bills, fines, assessments, and other charges relating to the Vehicle. At our choice, we may pay any of these items to protect our interest in the Vehicle. If we do so and if allowed by law, you agree to repay us at our request.

**Default and Required Repayment in Full.** You will be in default if you fail to make any payment required by this Contract. You will also be in default if you break any other promise you have made in this Contract or if a bankruptcy or insolvency proceeding is initiated by you or against you. If you default we may require that you pay all you owe on this Contract at once. All amounts owed following your default will continue to accrue finance charge or interest at the Annual Percentage Rate shown on Page 1 of this Contract or the highest rate allowed by law until paid in full.

**Other Remedies Upon Default.** Upon your default we may take (repossess) the Vehicle from you as long as we do so peacefully. All accessories, equipment or replacement parts will remain with the Vehicle following repossession.

**Getting the Vehicle and Property Back After Repossession.** If we repossess the Vehicle, you have the right to get it back until we sell it. This is your right to redeem. We will tell you what you need to do or how much you need to pay to redeem the Vehicle. If any personal property is in the Vehicle, we will store it for you at your expense. If you do not pick up your personal property, we may sell it if the law allows us to do so and after giving you any required notice.

**Sale of the Repossessed Vehicle.** We will send you a written notice of sale before we sell the Vehicle. We will apply money from a sale to our expenses and then to amounts you owe under this Contract. Our expenses may include costs incurred by us in repossessing the Vehicle, holding and storing it, preparing it for sale, and selling it. If there is money left over, we will pay it to you unless we are required to pay it to someone else. If there is not enough money to pay all you owe, you will have to pay us the remaining balance.

**Collection Costs.** If we refer this Contract for collection or enforcement to an attorney who is not our salaried employee, you agree to pay our reasonable attorney fees, plus court costs. The attorney fees will not exceed 15% of the principal and finance charge or interest owed under the Contract at the time of the referral.

**Application of Payments and Partial Prepayments.** We may apply each payment to earned and unpaid finance charge and to other amounts you owe under this Contract in any order we choose. If you make a partial prepayment you must still continue to make your regular monthly payments as scheduled in this Contract.

**Delay in Enforcing Rights.** We will not lose any of our rights under this Contract if we delay or refrain from enforcing them. For example, we may extend the time for making some payments without extending others. Our acceptance of any late or partial payment does not excuse your late or partial payment or mean that you may continue to make late or partial payments.

**Communications.** You agree that we may monitor and record telephone calls regarding this Contract. You expressly consent that we may contact you (by calls, emails, text messages or other electronic messages) for any purpose related to this Contract by any means, including but not limited to the use of prerecorded/artificial voice messages or automatic telephone dialing devices. Your express consent applies to any email addresses or telephone numbers we obtain or you provide in any manner and at any time, including email addresses or cellular telephone numbers for which you may incur voice, data or other charges.

---

This Contract has 4 pages, plus any optional GAP Waiver Agreement. This is Page 2. By initialing below you represent that you have read and agree to all provisions on all pages.

Buyer's Initials _____   Co-Buyer's Initials _____

# ARBITRATION PROVISION

This Arbitration Provision describes when and how a Claim (defined below) shall be arbitrated. Arbitration is a way of resolving disputes before one or more neutral persons, instead of having a trial in court before a judge and/or jury. **By signing this Contract, you and we agree to be bound by the terms of this Arbitration Provision.**

For purposes of this Arbitration Provision, references to "we," "us" and "our" mean the Seller, including its respective subsidiaries, affiliates, agents, employees and officers, or anyone to whom the Seller transfers its rights under the Contract.
**IF YOU OR WE CHOOSE ARBITRATION, THEN ARBITRATION SHALL BE MANDATORY, AND:**

- **ANY CLAIM WILL BE DECIDED BY ARBITRATION AND NOT IN COURT OR BY A JURY TRIAL.**
- **DISCOVERY AND RIGHTS TO APPEAL ARE LIMITED BY THE ARBITRATION RULES OF THE ARBITRATION ADMINISTRATOR.**
- **YOU GIVE UP YOUR RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER IN A CLASS ACTION ("CLASS ACTION WAIVER").**
- **OTHER RIGHTS THAT YOU OR WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

**a. What Claims are Covered.** A "Claim" is any claim, dispute or controversy between you and us that in any way arises from or relates to this consumer credit sale, the purchase you are financing by way of this Contract, the Vehicle and related goods and services that are the subject of the purchase and this Contract, or the collection or servicing of this Contract, including but not limited to:

- Initial claims, counterclaims, cross-claims and third-party claims;
- Disputes based on contract, tort, consumer rights, fraud and other intentional torts (at law or in equity, including any claim for injunctive or declaratory relief);
- Disputes based on constitutional grounds or on laws, regulations, ordinances or similar provisions; and
- Disputes about the validity, enforceability, arbitrability or scope of this Arbitration Provision or this Contract, subject to paragraph (f) of this Arbitration Provision.

**b. Commencing Arbitration.** Either you or we may require any Claim to be arbitrated by first sending to the other party, by certified mail, a written notice of dispute ("Notice"). This Notice shall (1) describe the nature and basis of the Claim and (2) set forth the specific relief sought. If we do not reach an agreement to resolve the Claim within 30 days after the Notice is received, you or we may commence an arbitration proceeding.

Arbitration of a Claim must comply with this Arbitration Provision and the applicable rules and procedures of the arbitration Administrator. Arbitration is not mandatory for an individual Claim that you or we may choose to bring in small claims court or the state's equivalent court, if any. If that Claim is transferred, removed or appealed to a different court, you or we then may choose arbitration.

**c. Choosing the Administrator.** If you initiate the arbitration proceeding, you may choose either of the following arbitration Administrators: (1) American Arbitration Association, 120 Broadway, New York, NY 10271, www.adr.org, (800) 778-7879 or (2) JAMS, 1920 Main Street, Suite 300, Irvine, CA 92614, www.jamsadr.com, (800) 352-5267. The Administrator you choose will have rules that apply to the proceeding. Important information regarding the arbitration process and more complete information regarding arbitration procedures may be found at either Administrator's website. If the Administrator you choose is unable or unwilling or ceases to serve as the Administrator, you or we may choose the other Administrator. If both Administrators are unable or unwilling or cease to serve as the Administrator, you or we may choose another Administrator, subject to the other's approval. In all cases, any arbitrator must be a lawyer or a retired judge with at least 10 years of legal experience. If we initiate the arbitration proceeding, we will give you 20 days to choose the Administrator. If you do not choose the Administrator within that time, we will choose one for you. No matter which Administrator is chosen, you shall have the right to be represented by an attorney of your own choosing, subject to any limitations in the Administrator's rules.

**d. Choosing the Location.** Any arbitration hearing that you attend must take place at a location reasonably convenient to your residence.

**e. Paying for Arbitration.** Each Administrator charges fees to administer an arbitration proceeding. This may include fees not charged by a court. When you choose an Administrator, you should carefully review the fees charged by the Administrator. The fees and costs of any arbitration, including any initial filing fees, shall be paid in accordance with the rules and procedures of the Administrator. Each party must pay the expense of that party's attorneys, experts, and witnesses, regardless of which party prevails in the arbitration, unless applicable law or the Administrator's rules, procedures or standards provide otherwise.

**f. Class Action Waiver. You give up your right to participate in a class action. This means that you may not be a representative or member of any class of claimants or act as a private attorney general in court or in arbitration with respect to any Claim.** Further, unless both you and we agree otherwise, the arbitrator may not consolidate more than one person's Claim or Claims. Notwithstanding any other part of this Arbitration Provision, the validity and effect of the Class Action Waiver must be determined only by a court and not by an arbitrator. If a court limits or voids the Class Action Waiver, then this entire Arbitration Provision (except for this paragraph) will be null and void.

**g. Right to Discovery.** The parties shall have the right to discovery of non-privileged information and documents relevant to the Claim, subject to the rules and procedures of the Administrator.

**h. Arbitration Result and Right of Appeal.** Judgment upon the award given by the arbitrator may be entered in any court having jurisdiction. In response to a timely request from either party, the arbitrator must provide a brief written explanation of the basis for any award. The arbitrator's decision is final and binding, except for any right of appeal provided by the Federal Arbitration Act. Any party can appeal the award to a three-arbitrator panel administered by the Administrator, which must reconsider any aspect of the initial award requested by the appealing party. Reference in this Arbitration Provision to the "arbitrator" means the panel of arbitrators if an appeal of the arbitrator's decision has been taken. Subject to applicable law, costs of such an appeal will be borne by the appealing party regardless of the outcome of the appeal, unless applicable law or the Administrator's rules provide otherwise. However, we will consider any good faith, reasonable request for us to pay all or any part of those fees if you are the appealing party.

**i. Governing Law.** This Arbitration Provision is governed by the Federal Arbitration Act and not by any state arbitration law. The arbitrator must apply applicable statutes of limitations and claims of privilege recognized at law, and applicable substantive law consistent with the Federal Arbitration Act. The arbitrator is authorized to award all individual remedies permitted by the substantive law that would apply if the action were pending in court.

**j. Rules of Interpretation.** This Arbitration Provision survives the repayment of all amounts owed to us, the transfer of the Contract, and any bankruptcy by you, to the extent not inconsistent with applicable bankruptcy law. Except as provided in paragraph (f), if any part of this Arbitration Provision is determined to be invalid or unenforceable, this Arbitration Provision and the Contract will remain enforceable. In the event of a conflict or inconsistency between this Arbitration Provision and the applicable arbitration rules or the other provisions of this Contract or any other contract between you and us, this Arbitration Provision will govern.

---

**This Contract has 4 pages, plus any optional GAP Waiver Agreement. This is Page 3. By initialing below you represent that you have read and agree to all provisions on all pages.**

Buyer's Initials _____   Co-Buyer's Initials _____

## NO LIABILITY INSURANCE INCLUDED

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

**PROPERTY INSURANCE: YOU ARE REQUIRED TO OBTAIN AND MAINTAIN INSURANCE ON THE VEHICLE, ENDORSED TO PROTECT US AS LOSS-PAYEE. YOU MAY OBTAIN THE INSURANCE FROM ANY AGENT OR INSURANCE COMPANY YOU CHOOSE REASONABLY ACCEPTABLE TO US.**

**YOUR INSURANCE INFORMATION**

LIENHOLDER/LOSS-PAYEE  Ally Financial                    INSURED'S NAME DANIEL BRAEDEL

PHYSICAL DAMAGE DEDUCTIBLES – COMPREHENSIVE $   500.00               COLLISION $   500.00

INSURANCE COMPANY  PROGRESSIVE

POLICY NUMBER                           EFFECTIVE DATE 04/10/2015    EXPIRATION DATE  10/10/2015

INSURANCE AGENT NAME   PROGRESSIVE                    TELEPHONE NUMBER  (800) 776-4737

You agree that you have or will obtain the required insurance coverage as shown above and you acknowledge that this is required by the Insurance Requirements section on Page 2 of this Contract.

**USED CAR BUYERS GUIDE. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**SPANISH TRANSLATION: GUÍA PARA COMPRADORES DE VEHÍCULOS USADOS. LA INFORMACIÓN QUE VE EN EL FORMULARIO DE LA VENTANILLA PARA ESTE VEHÍCULO FORMA PARTE DEL PRESENTE CONTRATO. LA INFORMACIÓN DEL FORMULARIO DE LA VENTANILLA DEJA SIN EFECTO TODA DISPOSICIÓN EN CONTRARIO CONTENIDA EN EL CONTRATO DE VENTA.**

The following notice applies only to purchases primarily for personal, family, or household purposes.

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**VEHICLE RETURN POLICY**

You may return the Vehicle to CarMax for a refund within 5 calendar days if the condition of the Vehicle does not change. This policy only applies to used vehicles.

**ENTIRE AGREEMENT**

This Contract contains the entire agreement between you and us relating to this Contract. We may agree to extend or defer a payment and provide you written confirmation. Any other change to this Contract must be in a writing signed by us. No oral modifications to this Contract are binding.

**Notice to the Buyer**

**Do not sign this Contract before you read it or if it contains any blank spaces.**

**You are entitled to an exact copy of the Contract you sign.**

**This Contract has 4 pages, plus any optional GAP Waiver Agreement. This is Page 4. By signing below you represent that you have read and agree to all provisions on all pages, including the Arbitration Provision on Page 3 of this Contract. You are also confirming that you have received a completely filled-in copy of this Contract and any optional GAP Waiver Agreement, each of which has been signed by the Seller.**

Seller  CarMax Auto Superstores, Inc.              Buyer's Signature  _D.D. Braedel_

By  _Vancey Mitchell_                     Co-Buyer's Signature

**ASSIGNMENT**

Seller hereby sells, assigns and transfers to  Ally Financial                            (Assignee) this Contract, all obligations of Buyer and Co-Buyer hereunder, all rights, powers, and privileges herein given to Seller, and all right, title, and interest of Seller in and to the property securing this Contract. If on the date of this assignment there is in effect a Dealer Agreement between Seller and Assignee pertaining to the sale of contracts to Assignee by Seller, the sale and assignment of this Contract to Assignee is made subject to all the terms and conditions of that Dealer Agreement.

Seller/Assignor  _Vancey Mitchell_

Date   Apr 23, 2015                Title  BOA



| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | Daniel Johannes Braedel | Social Security number or ITIN   xxx–xx–2943 |
| | First Name   Middle Name   Last Name | EIN   __–_____ |
| Debtor 2 (Spouse, if filing) | | Social Security number or ITIN   ____ |
| | First Name   Middle Name   Last Name | EIN   __–_____ |
| United States Bankruptcy Court   Northern District of Georgia | | |
| Case number:   17–68414–lrc | | |

# Order of Discharge

12/18

---

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

**Daniel Johannes Braedel**

**IT IS FURTHER ORDERED THAT:**

Any employer of the debtor(s) against which a Chapter 13 Employee Deduction Order is in effect shall cease immediately withholding from the wages, salary, commissions, or other earnings or income of the debtor any monies on account of the Chapter 13 case.

The Attorney for the debtor(s) shall serve a copy of this order upon any employer of the debtor who is subject to an Employee Deduction Order.

**By the court:**

1/30/23

_____
Lisa Ritchey Craig
United States Bankruptcy Judge

---

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

### Some debts are not discharged

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

---

Form 3180W                **Chapter 13 Discharge**                page 1

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

**This Bankruptcy Discharge is an important document that you should retain in the event a copy is needed in the future. If you request a copy from the Clerk's Office at a later date you will be required to pay a fee.**

---

Form 3180W                    **Chapter 13 Discharge**                    page 2

United States Bankruptcy Court
Northern District of Georgia

In re:                                                                                          Case No. 17-68414-lrc

Daniel Johannes Braedel                                                                         Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 113E-9 | User: bncadmin | Page 1 of 4 |
| Date Rcvd: Jan 30, 2023 | Form ID: 3180W | Total Noticed: 48 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 01, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Daniel Johannes Braedel, 3750 Shallow Court NW, Marietta, GA 30066-4602 |
| 21086686 | + | Aes/Nct, Aes/Ddb, Po Box 8183, Harrisburg, PA 17105-8183 |
| 21086690 | + | Affiliated Acceptance Corp, 14443 N State Highway 5, Sunrise Beach, MO 65079-6983 |
| 21086696 | + | Bank Of America, Attn: Bankruptcy, Po Box 36655, Dallas, TX 75235-1655 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | EDI: AISACG.COM | Jan 31 2023 01:19:00 | Ally Financial, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| cr | + | EDI: CITICORP.COM | Jan 31 2023 01:19:00 | Citibank, N.A., 6716 Grade Ln Blg 9 STE 910-PY DEPT, Louisville, KY 40213-3410 |
| cr | + | EDI: PRA.COM | Jan 31 2023 01:19:00 | PRA Receivables Management LLC, POB 41067, Norfolk, VA 23541-1067 |
| cr | + | EDI: RMSC.COM | Jan 31 2023 01:19:00 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 21086687 | + | Email/Text: bncnotifications@pheaa.org | Jan 30 2023 20:29:00 | Aes/wells Fargo, Pob 61047, Harrisburg, PA 17106-1047 |
| 21086691 | + | EDI: GMACFS.COM | Jan 31 2023 01:19:00 | Ally Financial, Attn: Bankruptcy, Po Box 380901, Bloomington, MN 55438-0901 |
| 21126216 | | EDI: GMACFS.COM | Jan 31 2023 01:19:00 | Ally Financial, PO Box 130424, Roseville, MN 55113-0004 |
| 21086693 | + | Email/Text: bankruptcy@acacceptance.com | Jan 30 2023 20:30:00 | American Credit Accept, 961 E Main St, Spartanburg, SC 29302-2185 |
| 21261321 | | Email/PDF: bncnotices@becket-lee.com | Jan 30 2023 20:40:06 | American Express Centurion Bank, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |
| 21086694 | + | Email/PDF: bncnotices@becket-lee.com | Jan 30 2023 20:39:47 | Amex, Correspondence, Po Box 981540, El Paso, TX 79998-1540 |
| 21356734 | | Email/PDF: resurgentbknotifications@resurgent.com | Jan 30 2023 20:40:03 | Ashley Funding Services, LLC its successors and, assigns as assignee of Laboratory, Corporation of America Holdings, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 21245487 | + | EDI: CITICORP.COM | Jan 31 2023 01:19:00 | Citibank, N.A., 701 East 60th Street North, Sioux Falls, SD 57104-0432 |
| 21086698 | + | EDI: CITICORP.COM | Jan 31 2023 01:19:00 | Citicards Cbna, Citicorp Credit Svc/Centralized Bankrupt, Po Box 790040, Saint Louis, MO 63179-0040 |
| 21086700 | + | Email/PDF: creditonebknotifications@resurgent.com | | |

District/off: 113E-9                              User: bncadmin                              Page 2 of 4
Date Rcvd: Jan 30, 2023                           Form ID: 3180W                              Total Noticed: 48

| | | | |
|---|---|---|---|
| | | Jan 30 2023 20:39:51 | Credit One Bank Na, Po Box 98873, Las Vegas, NV 89193-8873 |
| 21086714 | + EDI: CITICORP.COM | Jan 31 2023 01:19:00 | Visa Dept Store National Bank/Macy's, Attn: Bankruptcy, Po Box 8053, Mason, OH 45040 |
| 21252967 | EDI: Q3G.COM | Jan 31 2023 01:19:00 | Department Stores National Bank, c o Quantum3 Group LLC, PO Box 657, Kirkland, WA 98083-0657 |
| 21086701 | + EDI: DCI.COM | Jan 31 2023 01:19:00 | Diversified Consultant, Dci, Po Box 551268, Jacksonville, FL 32255-1268 |
| 21086702 | + Email/Text: EBN@edfinancial.com | Jan 30 2023 20:29:00 | EdFinancial Services, Attn: Bankruptcy Department, 298 N Seven Oaks Dr, Knoxville, TN 37922-2369 |
| 21144100 | + Email/Text: EBN@edfinancial.com | Jan 30 2023 20:29:00 | Edfinancial on behalf of US Dept. of Education, 120 N. Seven Oaks Dr., Knoxville, TN 37922-2359 |
| 23552023 | Email/Text: FMClaims@Firstmarkservices.com | Jan 30 2023 20:29:46 | Firstmark Services, PO Box 82522, Lincoln NE 68501 |
| 21086697 | EDI: JPMORGANCHASE | Jan 31 2023 01:19:00 | Chase Card, Attn: Correspondence Dept, Po Box 15298, Wilmington, DE 19850 |
| 21086703 | + Email/Text: PBNCNotifications@peritusservices.com | Jan 30 2023 20:29:00 | Kohls/Capital One, N56 W 17000 Ridgewood Dr, Menomonee Falls, WI 53051-5660 |
| 21354561 | Email/PDF: resurgentbknotifications@resurgent.com | Jan 30 2023 20:39:45 | LVNV Funding, LLC its successors and assigns as, assignee of FNBM, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 21086704 | + Email/PDF: resurgentbknotifications@resurgent.com | Jan 30 2023 20:39:55 | LVNV Funding/Resurgent Capital, Po Box 10497, Greenville, SC 29603-0497 |
| 21086705 | + EDI: TCISOLUTIONS.COM | Jan 31 2023 01:19:00 | Mid America Bk/total C, 5109 S Broadband Ln, Sioux Falls, SD 57108-2208 |
| 21086699 | Email/Text: Bankruptcy.Notices@pnc.com | Jan 30 2023 20:29:00 | Compass Bank, Attn: Bankruptcy, Po Box 10566, Birmingham, AL 35296 |
| 21086706 | EDI: PRA.COM | Jan 31 2023 01:19:00 | Portfolio Recovery, Po Box 41067, Norfolk, VA 23541 |
| 21161337 | EDI: PRA.COM | Jan 31 2023 01:19:00 | Portfolio Recovery Associates, LLC, POB 41067, Norfolk VA 23541 |
| 21087147 | + EDI: RECOVERYCORP.COM | Jan 31 2023 01:19:00 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 23705043 | + EDI: PRA.COM | Jan 31 2023 01:19:00 | PRA Receivables Management, LLC as agent of, Portfolio Recovery Associates, LLC, PO Box 41067, Norfolk, VA 23541-1067 |
| 21358511 | EDI: Q3G.COM | Jan 31 2023 01:19:00 | Quantum3 Group LLC as agent for, Crown Asset Management LLC, PO Box 788, Kirkland, WA 98083-0788 |
| 21125495 | + Email/Text: bankruptcy@bbandt.com | Jan 30 2023 20:29:00 | SunTrust Bank, Attn: Support Services, P.O. Box 85092, Richmond, VA 23286-0001 |
| 21086708 | + Email/Text: bankruptcy@bbandt.com | Jan 30 2023 20:29:00 | SunTrust Bank, Bankruptcy Department, PO Box 85092, Richmond, VA 23285-5092 |
| 21086709 | + EDI: RMSC.COM | Jan 31 2023 01:19:00 | Synchrony Bank/Amazon, Po Box 965015, Orlando, FL 32896-5015 |
| 21086710 | + EDI: RMSC.COM | Jan 31 2023 01:19:00 | Synchrony Bank/BrandsMart, Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896-5060 |
| 21086711 | + EDI: RMSC.COM | Jan 31 2023 01:19:00 | Synchrony Bank/Walmart, Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896-5060 |
| 21086712 | + Email/Text: EDBKNotices@ecmc.org | | |

| District/off: 113E-9 | User: bncadmin | Page 3 of 4 |
|---|---|---|
| Date Rcvd: Jan 30, 2023 | Form ID: 3180W | Total Noticed: 48 |

| | | Jan 30 2023 20:29:00 | US Dept of Education, Attn: Bankruptcy, Po Box 16448, Saint Paul, MN 55116-0448 |
|---|---|---|---|
| 21086715 | + Email/Text: vci.bkcy@vwcredit.com | Jan 30 2023 20:30:00 | Volkswagen Credit, Inc, Po Box 3, Hillsboro, OR 97123-0003 |
| 21086720 | EDI: WFFC.COM | Jan 31 2023 01:19:00 | Wells Fargo Hm Mortgag, 8480 Stagecoach Cir, Frederick, MD 21701 |
| 21086716 | + EDI: WFFC2 | Jan 31 2023 01:19:00 | Wells Fargo Bank, Po Box 10438, Macf8235-02f, Des Moines, IA 50306-0438 |
| 21086717 | + EDI: WFFC.COM | Jan 31 2023 01:19:00 | Wells Fargo Bank, Po Box 84712, Sioux Falls, SD 57118-4712 |
| 21086719 | + EDI: WFFC2 | Jan 31 2023 01:19:00 | Wells Fargo Bank, 3476 Stateview Blvd, MAC#7801-03K, Fort Mill, SC 29715-7203 |
| 21157038 | EDI: WFFC2 | Jan 31 2023 01:19:00 | Wells Fargo Bank, N.A., Wells Fargo Education Financial Services, PO Box 10438, MAC F8235-02F, Des Moines, IA 50306-0438 |
| 21151430 | + EDI: WFFC2 | Jan 31 2023 01:19:00 | Wells Fargo Bank, N.A., Default Document Processing, MAC # N9286-01Y, 1000 Blue Gentian Road, Eagan, MN 55121-1663 |

TOTAL: 44

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | *P++ | FIRSTMARK SERVICES, 121 S 13TH STREET STE 201, LINCOLN NE 68508-1911, address filed with court:, Firstmark Services, P.O. Box 82522, Lincoln, NE 68501-2522 |
| 21086689 | *+ | Aes/wells Fargo, Pob 61047, Harrisburg, PA 17106-1047 |
| 21086688 | *+ | Aes/wells Fargo, Pob 61047, Harrisburg, PA 17106-1047 |
| 21086692 | *+ | Ally Financial, Attn: Bankruptcy, Po Box 380901, Bloomington, MN 55438-0901 |
| 21086695 | *+ | Amex, Correspondence, Po Box 981540, El Paso, TX 79998-1540 |
| 23624530 | *P++ | FIRSTMARK SERVICES, 121 S 13TH STREET STE 201, LINCOLN NE 68508-1911, address filed with court:, Firstmark Services, PO Box 82522, Lincoln, NE 68501 |
| 23624531 | *P++ | FIRSTMARK SERVICES, 121 S 13TH STREET STE 201, LINCOLN NE 68508-1911, address filed with court:, Firstmark Services, PO Box 82522, Lincoln, NE 68501 |
| 23624532 | *P++ | FIRSTMARK SERVICES, 121 S 13TH STREET STE 201, LINCOLN NE 68508-1911, address filed with court:, Firstmark Services, PO Box 82522, Lincoln, NE 68501 |
| 21086707 | *P++ | PORTFOLIO RECOVERY ASSOCIATES LLC, PO BOX 41067, NORFOLK VA 23541-1067, address filed with court:, Portfolio Recovery, Po Box 41067, Norfolk, VA 23541 |
| 21086713 | *+ | US Dept of Education, Attn: Bankruptcy, Po Box 16448, Saint Paul, MN 55116-0448 |
| 21086718 | *+ | Wells Fargo Bank, Po Box 10438, Macf8235-02f, Des Moines, IA 50306-0438 |

TOTAL: 0 Undeliverable, 11 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Feb 01, 2023          Signature:          /s/Gustava Winters

District/off: 113E-9
Date Rcvd: Jan 30, 2023

User: bncadmin
Form ID: 3180W

Page 4 of 4
Total Noticed: 48

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 30, 2023 at the address(es) listed below:**

| Name | Email Address |
|------|---------------|
| Abbey Ulsh Dreher | on behalf of Creditor Wells Fargo Bank  N.A. ga.nd.ecf@BDFGroup.com |
| Brandi R. Lesesne | on behalf of Creditor Wells Fargo Bank  N.A. brandile@bdfgroup.com |
| Carol A. Colliersmith | on behalf of Debtor Daniel Johannes Braedel bklaw@colliersmithatty.com R53482@notify.bestcase.com;liz@colliersmithatty.com;LawOfficeofCarolColliersmith@jubileebk.net |
| John Robert Callison | on behalf of Creditor Wells Fargo Bank  N.A. ga.nd.ecf@bdfgroup.com |
| Melissa J. Davey | mail@13trusteeatlanta.com  cdbackup@13trusteeatlanta.com |

TOTAL: 5