IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| DANIEL JOHANNES BRAEDEL, | : | CASE NO. 17-68414-LRC |
| | : | |
| Debtor. | : | |
| __ __ __ __ __ __ __ __ __ __ __ __ | : | |
| DANIEL JOHANNES BRAEDEL, | : | |
| | : | CONTESTED MATTER |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLY FINANCIAL, | : | |
| | : | |
| Respondent. | : | |
| | : | |
| | : | |

**RESPONSE OF ALLY FINANCIAL TO DEBTOR'S MOTION FOR CONTEMPT, SANCTIONS, ACTUAL DAMAGES, PUNITIVE DAMAGES AND FEES**

COMES NOW Respondent Ally Financial ("Respondent") and files this Response to Debtor's Motion for Contempt, Sanctions, Actual Damages, Punitive Damages And Fees (the "Motion" or "Motion for Contempt")(Doc. No. 138). Respondent responds in opposition to the Motion as follows:

**FIRST DEFENSE**

Respondent has not acted willfully in violation of the discharge injunction of 11 U.S.C. § 524(a)(2). To be compensable, a violation of the discharge injunction of 11 U.S.C. § 524(a)(2) must be willful. Respondent believed the discharge injunction didn't apply to Debtor's account because of an operational coding error. Any act of Respondent was neither with knowledge nor intentional in violation of the discharge injunction.

**SECOND DEFENSE**

Debtor filed his Motion for Contempt September 19, 2025, alleging acts of Respondent alleged to have occurred nearly two years ago. Debtor's claims are barred by the doctrine of laches. Debtor unreasonably and without justification delayed in asserting the alleged claims, and such delay has materially prejudiced Respondent. As a result, Debtor is estopped from obtaining the relief sought.

**THIRD DEFENSE**

Respondent admits an operational coding error was made, but Respondent meant no harm to Debtor and certainly has no intention nor ever had intention to coerce Debtor to pay in violation of the discharge injunction, nor is it the policy or procedure of Respondent to violate a bankruptcy discharge injunction. There was no malicious intent or disrespect for bankruptcy laws.

**FOURTH DEFENSE**

Debtor seeks actual damages, including monetary damages, punitive damages, attorney's fees and damages arising from emotional distress, through statutory contempt powers under 11 U.S.C. § 105, because 11 U.S.C. § 524 does not provide for an award. . Though Respondent denies the violations, if any, were willful, "not every willful violation of the [discharge injunction] merits compensation for emotion distress and that a standard governing such claims is necessary." *Green Point Credit v. McLean*, 794 F.3d 1313, 1325 (11th Cir. 2015). "To recover damages for emotional distress, 'a plaintiff must (1) suffer significant emotional distress, (2) clearly establish the significant emotional distress, and (3) demonstrate a causal connection between that significant emotional distress and the violation of

the [discharge injunction].'" *Green Point*, *supra*, 794 F.3d at 1326. A finding of civil contempt must be based on clear and convincing evidence, as well. *Id.* Finally, if the Court were to find Respondent in contempt, Respondent contends that non-compensatory punitive sanctions would be inappropriate in this case.

### FIFTH DEFENSE

Debtor's claims are barred, in whole or in part, because Debtor failed to take reasonable steps to mitigate his alleged damages. To the extent any damages were sustained, such damages were caused or increased by Debtor's failure to exercise reasonable care and diligence to minimize or avoid injury, and therefore any recovery must be barred or reduced, accordingly.

### SIXTH DEFENSE

Without waiving the foregoing defenses, Respondent responds to the individually numbered paragraphs of Debtor's Motion as follows:

1.

Paragraph 1 of the Motion is DENIED.

2.

Paragraph 2 of the Motion is ADMITTED.

3.

Paragraph 3 of the Motion is ADMITTED.

4.

Paragraph 4 of the Motion is ADMITTED.

5.

Respondent is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of the Motion. Furthermore, to the extent Paragraph 5 of the Motion calls for a legal conclusion, it is DENIED.

6.

Paragraph 6 of the Motion is DENIED.

7.

Paragraph 7 of the Motion is ADMITTED.

8.

Paragraph 8 of the Motion is ADMITTED.

9.

Paragraph 9 of the Motion is ADMITTED.

10.

Paragraph 10 of the Motion is ADMITTED.

11.

Paragraph 11 of the Motion is ADMITTED.

12.

Paragraph 12 of the Motion is ADMITTED.

13.

Paragraph 13 of the Motion is ADMITTED.

14.

Paragraph 14 of the Motion is ADMITTED.

15.

Paragraph 15 of the Motion calls for a legal conclusion; therefore Paragraph 15 is DENIED.

16.

Paragraph 16 of the Motion is ADMITTED insofar as Debtor requested his vehicle title subsequent to the discharge date. All other averments of Paragraph 16 not specifically admitted herein are DENIED.

17.

Paragraph 17 of the Motion is DENIED.

18.

Paragraph 18 of the Motion is ADMITTED.

19.

Paragraph 19 of the Motion is ADMITTED insofar as Respondent released the vehicle title. All other averments of Paragraph 19 not specifically admitted herein as DENIED.

20.

Paragraph 20 of the Motion is ADMITTED.

21.

Respondent is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 21 of the Motion.

22.

Paragraph 22 of the Motion is DENIED.

23.

Paragraph 23 of the Motion is ADMITTED insofar as Respondent received communications from a person alleging to be Debtor's attorney. All other averments of Paragraph 23 not specifically admitted herein are DENIED.

24.

Paragraph 24 of the Motion is DENIED.

25.

Paragraph 25 of the Motion is DENIED.

26.

Paragraph 26 of the Motion is DENIED.

27.

Paragraph 27 of the Motion is ADMITTED insofar as the Debtor's vehicle was returned to him. All other averments of Paragraph 27 not specifically admitted herein are DENIED.

28.

Paragraph 28 of the Motion is ADMITTED insofar as Respondent reached out to Debtor. All other averments of Paragraph 28 not specifically admitted herein are DENIED.

29.

Paragraph 29(a) of the Motion is DENIED.

Paragraph 29(b) of the Motion is DENIED.

Paragraph 29(c) of the Motion is DENIED.

30.

Paragraph 30 of the Motion is DENIED.

31.

Paragraph 31 of the Motion is DENIED.

32.

Paragraph 32 of the Motion is DENIED.

33.

Paragraph 33 of the Motion is DENIED.

34.

Paragraph 34 of the Motion is DENIED.

35.

Paragraph 35 of the Motion is DENIED.

36.

Paragraph 36 of the Motion does not call for a response.  However, the foregoing responses to the Motion are incorporated herein.

37.

Paragraph 37 of the Motion is DENIED.

38.

Paragraph 38 of the Motion is DENIED.

39.

Paragraph 39 of the Motion is DENIED.

40.

Paragraph 40 of the Motion is DENIED.

41.

Paragraph 41 of the Motion is DENIED.

WHEREFORE, Respondent prays that this Court deny Debtor's Motion, deny Debtor's request to hold Respondent in contempt of the Court; deny Debtor's request for sanctions upon Respondent; deny Debtor's claim for actual and punitive damages and attorneys fees in favor of Debtor; and grant Respondent such other an further relief as is just and proper.

This 10th day of November, 2025.

                The Law Office of
                LEFKOFF, RUBIN, GLEASON, RUSSO & SMITH P.C.
                Attorneys for Respondent


                By:_/s/_____
                      Philip L. Rubin
                      Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
prubin@lrglaw.com

**CERTIFICATE OF SERVICE**

      The undersigned, Philip L. Rubin, hereby certifies that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that I served copies of the foregoing RESPONSE OF ALLY FINANCIAL TO DEBTOR'S MOTION FOR CONTEMPT, SANCTIONS, ACTUAL DAMAGES, PUNITIVE DAMAGES AND FEES on the following parties 1) electronically, if allowed by and pursuant to the requirements of local rule, or 2) by depositing same in the United States Mail in properly addressed envelope(s) with adequate postage to all others, as follows:

Carol A. Colliersmith, Esq.
PO Box 2256
Smyrna, GA 30081-2256

                                    The Law Office of
                                    LEFKOFF, RUBIN, GLEASON, RUSSO & SMITH P.C.
                                    Attorneys for Respondent

                                    By: /s/ _____
                                        Philip L. Rubin
                                        Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
prubin@lrglaw.com